IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:98cr00082 |
| | * | |
| | * | |
| SUSAN H. McDOUGAL, | * | |
| | * | |
| Defendant. | * | |

ORDER

    Susan H. McDougal has filed a motion asking the Court to issue an order lifting the seal on the record in this case. In 1994, an investigation was begun into business dealings, going back as much as twenty years, of William Jefferson Clinton, Hillary Rodham Clinton, Susan McDougal, and others in Arkansas. That investigation, run by an appointed independent counsel, became known as Whitewater for the failed real estate transaction that spawned the original investigation. A grand jury was empaneled in 1996. In this case, No. 4:98cr00082, the Office of Independent Counsel (OIC) in 1998 charged McDougal with obstruction of justice and two counts of criminal contempt for refusing to testify before the Whitewater grand jury, notwithstanding that the Court had granted her immunity for her testimony.[1] After trial, a jury acquitted McDougal of obstructing justice and deadlocked on both contempt counts, and the government dismissed the charges.

    McDougal's motion and her brief in support, although filed under the case number for her criminal contempt trial, refer in text to the court proceedings in which McDougal was held to be

---

    [1]The term of the Whitewater OIC has expired. The government is represented here by the Public Integrity Section of the U.S. Department of Justice in Washington, D.C.

in *civil* contempt for her refusal to cooperate with the OIC.[2]  In the civil proceeding, "the [district] court ruled that any testimony or argument that would disclose the substance of the secret grand jury proceedings must be submitted *in camera*." United States v. McDougal (In re Grand Jury Subpoena), 97 F.3d 1090, 1094 (8th Cir. 1996).   It appears that McDougal has confused her civil contempt proceeding with her criminal contempt and obstruction trial, although parts of the record in both cases were sealed pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure to protect the secrecy of the Whitewater grand jury proceedings.  There is no need to divine which "testimony or argument" McDougal wants unsealed, however, as she has not made a case for the disclosure of anything that was sealed because of the need for grand jury secrecy.

Ideally, a motion for disclosure of grand jury proceedings under Rule 6(e) would be decided by the judge who supervised the grand jury, or at least a judge in the same district. Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 225–26 (1979).  But when McDougal filed her motion, all of the federal district judges then sitting in Arkansas voluntarily recused from considering the motion.  Given the rationales that McDougal advances in support of her motion in this case, however, familiarity with the specific grand jury proceedings is neither necessary nor helpful.

In asking that "the record in this case" be unsealed, McDougal alludes only fleetingly to the provisions of Rule 6(e), the authority under which parts of the record in her two contempt proceedings were sealed.  Rule 6(e)(3)(E) notes certain circumstances in which "[t]he court may authorize disclosure . . . of a grand-jury matter."[3]  Of the five situations enumerated, one permits disclosure "preliminarily to or in connection with a judicial proceeding," Fed. R. Crim. P.

---

[2]The Eighth Circuit affirmed the civil contempt holding.  United States v. McDougal (In re Grand Jury Subpoena), 97 F.3d 1090 (8th Cir. 1996).

[3]McDougal's request falls within none of the scenarios in Rule 6(e)(3)(A)–(D), where disclosure is allowed without court order, generally when an attorney for the government discloses to others on a need-to-know basis.

6(e)(3)(E)(i); another involves "the request of a defendant who shows that a ground may exist to dismiss" an indictment, id. at 6(e)(3)(E)(ii); and three deal with requests from the government. McDougal asserts none of these justifications for disclosure. In fact, although she has the burden to do so, McDougal has not endeavored to make any "showing of particularized need for grand jury materials," much less the "strong showing" that the Supreme Court has said is required.[4] United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983).

Instead, McDougal argues that the record should be unsealed because the Whitewater investigation is "old news." But there is no provision in Rule 6(e) to allow disclosure simply because the grand jury proceedings and any related prosecutions have been concluded. And in any event, the reasons for sealing the grand jury materials have not, as McDougal contends, "grown stale and disappeared." As the Supreme Court has noted, some of the reasons for grand jury secrecy—such as the fear or concern of future grand jury witnesses that their testimony may someday be revealed—outlive individual cases. Douglas Oil, 441 U.S. at 222. "[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." Id. That is particularly true here, considering the high-profile nature of the investigations undertaken by the Whitewater grand jury and the involvement of the then sitting President of the United States and First Lady—neither of whom was indicted and both of whom remain public figures today. See id. at 219 ("[B]y preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."); Craig v. United States (In re Petition of Craig), 131 F.3d 99, 107 (2d Cir. 1997) ("[T]he continued existence and vulnerability of [parties involved in grand jury investigations and their families] is, of itself, a factor that a court should consider."). In any case, the end of grand jury proceedings does not obviate the need for McDougal to show that

---

[4]Regarding McDougal's "particularized need," the government attached to its memorandum in opposition to McDougal's motion an EXHIBIT A, a copy of an undated article apparently from the *Arkansas Democrat Gazette* or the newspaper's website, wherein McDougal's counsel is reported to have said that McDougal filed her motion in an attempt to get the grand jury information for the producers of a film that will be based, at least in part, on McDougal's role in the Whitewater investigation. McDougal does not advance any "need" in her motion filed with the Court.

"the ends of justice require" disclosure—a showing she does not even attempt in her motion.[5] Dennis v. United States, 384 U.S. 855, 870 (1966) (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)).

McDougal contends that her staleness argument is "bolstered" by Rule 6(e)(6):

> **(6) Sealed Records.** Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.

She suggests that because "[n]o 'matter' is 'occurring before a grand jury,' . . . it is no longer 'necessary' to seal this record." But reading this subsection in the context of the required secrecy of grand jury matters, and the Supreme Court's emphasis on continued secrecy even after a grand jury has been discharged, this argument cannot prevail. Subsection (6) simply emphasizes that the written materials created during the course of a grand jury probe are subject to secrecy to the same extent as the rest of the proceedings, if unsealing those documents would disclose a grand jury matter.

That leaves McDougal's argument invoking "the common-law right of access to court proceedings and records as well as the Court's supervisory power over its own records and files" as a basis for unsealing the records. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnote omitted). But the presumption in favor of access is not a "strong" one in the Eighth Circuit. United States v. McDougal, 103 F.3d 651, 657 (8th Cir. 1996), cert. denied, 522 U.S. 809 (1997).[6] Indeed,

---

[5]McDougal is not bound by the obligation of secrecy as to her own appearance before the grand jury. See Fed. R. Crim P. 6(e)(2)(A) & (B). In fact, she has spoken and written publicly about it numerous times.

[6]This is the Eighth Circuit's opinion in the appeal from the District Court's order denying access sought by several media organizations to the videotape of President Clinton's deposition

4

given the nature of grand jury proceedings and the secrecy surrounding them, there is no presumption of any kind in favor of access to grand jury records.  See, e.g., United States v. Smith, 123 F.3d 140, 156 (3d Cir. 1997) ("[T]here is no common law right of access to grand jury materials."); Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989) ("[T]here is no right of access to documents which have traditionally been kept secret for important policy reasons.").  The Rule 6(e) secrecy requirements make it plain that grand jury proceedings do not generate *public* records and documents, so the common-law rule does not apply in the grand jury context.  See Douglas Oil, 441 U.S. at 218 ("[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."); see also Fed. R. Crim. P. 6(e)(6) (sealed records).  Likewise, "[b]ecause the grand jury is an institution separate from the courts, over whose functioning the courts do not preside," this Court generally has no "'supervisory' judicial authority" to order disclosure of grand jury materials sealed under Rule 6(e).  United States v. Williams, 504 U.S. 36, 47 (1992).

    McDougal's Motion to Lift Seal is denied.

                IT IS SO ORDERED this 20th day of June 2008.

                                /s/ Pasco M. Bowman
                                United States Senior Circuit Judge
                                (sitting by designation)

---

used in the Whitewater OIC's prosecution of James B. McDougal, Jim Guy Tucker, and Susan H. McDougal on charges including fraud and conspiracy.  That case is otherwise unrelated to the underlying prosecution in this case.